IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Jonathan J Jaeger,                )
                                  )   Case No: 1:06-cv-00625 JDB
              Plaintiff,          )
                                  )
v.                                )
                                  )
UNITED STATES (Government),       )
                                  )
              Defendant.          )
                                  )

## RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff responds to the Courts order directing plaintiff to show cause as follows:

### ORDER ON MOTION NOT MADE

The instant order is premature in that defendant has not made a response raising the issue of failure to state a claim on which relief can be granted.

In a Memorandum Opinion and Order, this Court explained in great detail why[1]. This court stated "First of all, as a practical matter, it is a defendant's obligation to raise an objection based on a plaintiff's failure to state a claim upon which relief may be granted, whereas courts "have an independent obligation to determine whether subject-matter

---

[1] *"Only one pre-answer Rule 12(b)(6) Motion permitted:* Although the Rule 12(b)(6) defense of failure to state a claim is generally not waived (so long as it is asserted before the time of trial), it may not asserted in multiple pre-answer motions. Some (but not all) courts have ruled that successive, pre-answer Rule 12(b)(6) motions are prohibited by Rule 12(g)'s requirement that all Rule 12 defenses ( (including failure to state a claim) be raised in a single, omnibus, pre-answer motion - if the party chooses to file a motion at all." (Federal Civil Rules Handbook, 2002, Baicker-McKee Janssen Corr, West Group p 337 citing Citibank, N.A. v. Oxford Properties & Fin. Ltd. 688 F. 2d 1259 (9th Cir 1982)

RECEIVED
MAY 2 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

jurisdiction exists, even in the absence of a challenge from any party" (Turner v. United States, _ F. Supp.2d _, 2006 WL 1071852, *3-4 (D.D.C. 2006) (finding, based on Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1242 (2006)).

With all due respect, Plaintiff asserts that the Court has abused its discretion in issuing the aforementioned order giving defendant an unfair advantage by providing notice of the ground.

### EXHAUSTION OF REMEDY A FACT FOR THE JURY

This Court has previously held in Turner v. United States, _ F. Supp.2d _, 2006 WL 1071852, *3-4 (D.D.C. 2006) (finding, based on Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1242 (2006), cited in the Memorandum Opinion, the Court found that the issue of exhaustion of the administrative remedy is nonjurisdictional. Turner, slip op., 7. In reaching that finding, this Court identified the issue of exhaustion of remedy as a threshold fact, noting that

> "[W]hen a threshold fact is contested, the identity of the factfinder may vary depending on whether the fact at issue relates to jurisdiction or to the merits of the claim; if the fact is jurisdictional, the trial judge may be authorized to resolve the factual dispute, but disputes regarding predicate facts for the claim generally are tried to a jury."

Turner, slip op., 6, citing Arbaugh v. Y & H Corp., 126 S.Ct. 1235, at 1244.

The Arbaugh Court perhaps stated the issue more clearly:

"If satisfaction of an essential element of a claim is at issue, however, the jury is the proper trier of contested facts. Reeves v. Sanderson Plumbing Products, Inc., 530 U. S. 133 ."

Based upon this Court's own finding, and the Supreme Court case upon which that finding was based, the threshold/predicate facts regarding exhaustion of administrative remedies - described as an essential element - and any asserted "failure" to exhaust, should be left to a jury. Necessarily, the applicability of any exception to an exhaustion requirement should be for the jury as well.

Whether IRS "has articulated a clear position that it has demonstrated it is unwilling to reconsider" Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 105 (D.C. Cir. 1986) (citing Etelson v. Office of Pers. Mgmt., 684 F.2d 918, 925 (D.C. Cir. 1982); or, is biased, See: McCarthy v. Madigan, 503 U.S. 140, 146, also cited in Turner, slip op., p. 3, are threshold/predicate facts that should be left to a jury.

>The McCarthy Court opined, at 148-9:
>
>"This Court's precedents have recognized at least three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion*****Third, an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it. Gibson v. Berryhill, 411 U.S. at 575, n. 14; Houghton v. Shafer, 392 U.S. 639, 640 (1968) (in view of Attorney General's submission that the challenged rules of the prison were "validly and correctly applied to petitioner," requiring administrative review through a process culminating with the Attorney General "would be to demand a futile act"); Association of National Advertisers, Inc. v. FTC, 201 U.S. App.D.C. 165, 170-171, 627 F.2d 1151, 1156-1157 (1979) (bias of Federal Trade Commission chairman), cert. denied, 447 U.S. 921 (1980). See also Patsy v. Florida International University, 634 F.2d 900, 912-913 (CA5 1981) (en banc) (administrative procedures must "not be used to harass or otherwise discourage those with legitimate claims"), rev'd on other grounds, Patsy v. Board of Regents of Florida, 457 U.S. 496 (1982)."

Whether the facts, related in the Complaint, and as developed through discovery and trial, establish any bias on the part of IRS is, as stated in the Court's own Memorandum, for the jury to decide.

The McCarthy Court further stated, "where Congress has not clearly required

exhaustion, sound judicial discretion governs." 503 U.S. at 144. Arbaugh elaborated, "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."

This Court has already found the statutory limitation nonjurisdictional. Turner, slip op., 7, following Arbaugh. All that is left is for the Court to recognize Arbaugh's example, "the jury is the proper trier of contested facts. Reeves v. Sanderson Plumbing Products, Inc., 530 U. S. 133 ," and let the jury decide.

Respectfully Submitted

Dated  05/19/    , 2006

*[signature]*

Jonathan J Jaeger
7 Blue Coat Lane
Westport CT 06880