UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAY 26 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**JONATHAN J. JAEGER,**

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant.**

**Civil Action No. 06-625 (JDB)**

**MEMORANDUM OPINION**

On May 4, 2006, this Court issued an Order requiring plaintiff to show cause why this case should not be dismissed pursuant to rule 12(b)(6) for failure to exhaust administrative remedies consistent with Masterson v. United States, Civil Action No. 05-1807 (D.D.C. April 26, 2006) (Memorandum Opinion), Turner v. United States, -- F. Supp. 2d --, 2006 WL 1071852 (D.D.C. Apr. 24, 2006), and other similar precedent. Like the plaintiffs in those cases, the plaintiff in this case is one of dozens of individuals across the nation who have submitted (in a pro se capacity) boilerplate filings to this Court, asserting that they are entitled to damages pursuant to the Taxpayer Bill of Rights ("TBOR") for alleged misconduct by the Internal Revenue Service ("IRS") regarding the collection of taxes. See 26 U.S.C. § 7433. These cases have routinely been dismissed due to the failure of the plaintiffs to exhaust administrative remedies pursuant to § 7433 and its attendant administrative regulations before filing suit in this Court. See, e.g., Evans v. United States of America, Civil Action No. 06-0032 (D.D.C. May 4, 2006) (Memorandum Opinion) ("Evans Mem. Op."); Masterson, Civil Action No. 05-1807

(D.D.C. April 26, 2006) (Memorandum Opinion); Turner, -- F. Supp. 2d.

--, 2006 WL 1071852 (D.D.C. Apr. 24, 2006); Pierce v. United States, Civil Action No. 06-0320 (D.D.C. Mar. 31, 2006).

The Order requiring plaintiff to show cause why this action should not similarly be dismissed was issued because plaintiff's complaint is palpably devoid of any showing or credible assertion that he first availed himself of the administrative remedies. Indeed, the complaint is indistinguishable in all relevant respects from the complaints that were dismissed on this basis in the other cases. In response, plaintiff submits that because a dismissal for failure to exhaust administrative remedies is nonjurisdictional in nature and, accordingly, entered pursuant to Fed. R. Civ. P. 12(b)(6) rather than Fed. R. Civ. P. 12(b)(1), the Court's Order was a premature and improper sua sponte action that has now alerted the government to a possible defense for which it bears the burden of proof. Plaintiff is certainly correct that this type of dismissal is technically nonjurisdictional and will be entered pursuant to Fed. R. Civ. P. 12(b)(6). See, e.g., Evans Mem. Op. at 3-4 (citing Turner, 2006 WL at 1071852, at **3-4). However, it does not follow that the Court is foreclosed from raising this issue sua sponte. "Neither the Federal Rules of Civil Procedure nor any federal statute expressly prohibits sua sponte dismissals for failure to state a claim," nor does any decision of the Supreme Court render this an improper course of action. Baker v. Director, United States Parole Comm'n, 916 F.2d 725, 726 & n.2 (D.C. Cir. 1990). Where, as here, the failure to state a claim is patent, "it is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources" for the Court to dismiss the action sua sponte. See Baker, 916 F.2d at 726; accord Crowley Cutlery Co. v. United States, 849 F.2d 273, 277 (7th Cir. 1988) (stating that federal district judges have authority to dismiss frivolous suits

on their own initiative, whether it is termed a dismissal for lack of jurisdiction or a dismissal for failure to state a claim upon which relief can be granted); Omar v. Sea Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987) (holding that trial courts have authority to dismiss actions sua sponte "where the claimant cannot possibly win relief"). Hence, in light of controlling precedent, it cannot seriously be argued that the Court may not, of its own accord, inquire into plaintiff's failure to exhaust administrative remedies. Indeed, Baker has been subsequently relied upon in this jurisdiction, see, e.g., Cicippio-Puleo v. Islamic Republic of Iran, 353 F.3d 1024, 1032 (D.C. Cir. 2004); Davis v. District of Columbia, 158 F.3d 1342,1349 (D.C. Cir. 1998), and has received a warm reception in other jurisdictions, see, e.g., Curley v. Perry, 246 F.3d 1278, 1283, 1284 (10th Cir. 2001); Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991). Section 7433(d)(1) provides that "[a] judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." In accordance with § 7433(d)(1), the IRS has promulgated regulations that establish procedures to be followed by a taxpayer who believes that IRS officers or employees have disregarded provisions of the tax code in their collection activities. See 26 C.F.R. § 301.7433-1. Specifically, these regulations require that an aggrieved taxpayer must first submit his or her claim "in writing to the Area Director, Attn: Compliance Technical Support Manager[,] of the area in which the taxpayer currently resides," and further requires that the claim must include:

i The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;

ii The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue

Service);

iii A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);

iv The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and

v The signature of the taxpayer or duly authorized representative.

26 C.F.R. § 301.7433-1(e) (hereinafter "the § 301.7433-1(e) procedures"). If such a claim is filed and the IRS has either issued a decision on the claim or has allowed six months to pass from the date of filing without acting on it, the taxpayer may proceed to file suit in federal district court pursuant to 28 U.S.C. § 7433(a). See 26 C.F.R. § 301.7433-1(d)(1). The regulations also allow the taxpayer to file suit immediately after the administrative claim is submitted, as long as the administrative submission occurs during the last six months of the two-year statute-of-limitations period. 26 C.F.R. § 301.7433-1(d)(2).

In this regard, plaintiff's complaint offers the following: (1) a summary statement that "[p]laintiff(s) has/have exhausted all administrative remedies," Compl. at 2 ¶ 6; (2) an assertion that plaintiff attempted to exhaust administrative remedies through the submission of "numerous [written] requests for documents and authorities which require responses from the IRS," id. at 5 ¶ 9; (3) an argument that "[a]dministrative claims which plaintiff(s) filed with the Internal Revenue Service and the Secretary of the Treasury worked to satisfy the requirement that a 'taxpayer' must exhaust administrative remedies before bringing suit" and that "requiring plaintiff(s) to again pursue administrative remedies would amount to nothing more than futile reexhaustion," id. at 12 ¶ 26; and (4) a claim that he "exhausted all administrative remedies . . . by disputing the tax claims made by the defendant and properly petitioning for all years in question the Commissioner of the Internal Revenue Service for lawful summary records of assessment and the Secretary of

the Treasury for refunds," id. at 13-14 ¶ 30. Noticeably absent from this amalgam of conclusory, general statements that exhaustion has occurred -- and simultaneous arguments that no exhaustion should be required because it would be unproductive -- is any description of how plaintiff satisfied the precise requirements of § 7433 and the administrative regulations. Indeed, plaintiff never so much as mentions the applicable provisions or procedures.

The Court's Order -- and its references to earlier opinions detailing the requirements of § 7433 and the administrative regulations -- put plaintiff on notice of any fatal deficiencies in this regard, and provided ample opportunity for him to cure them. Tellingly, plaintiff's response does not attempt to do so. Instead, it misguidedly argues that "any asserted 'failure' to exhaust, [sic] should be left to a jury. Necessarily, the applicability of any exception to an exhaustion requirement should be for the jury as well." Pl.'s Response at 3. But, as this Court recently articulated in a nearly identical case presenting carbon-copy arguments:

> Whether exhaustion of administrative remedies is required (including whether an exception applies) presents a question of law, which is for the court, rather than a jury, to decide. See Harrow v. Prudential Ins. Co. of Am., 279 F.3d 244, 248 (3d Cir. 2002) (noting that "the applicability of exhaustion principles [is] a question of law"); Talbot v. Lucy Corr Nursing Home, 118 F.3d 215, 218 (3d Cir. 1997) ("Whether a district court properly required a plaintiff to exhaust her administrative remedies before bringing suit in federal court is a question of law"); Diaz v. United Agric. Employee Welfare Benefit Plan and Trust, 50 F.3d 1478, 1483 (9th Cir. 1995) ("the potential applicability vel non of exhaustion principles is a question of law"). Plaintiff misinterprets Turner . . . . Nothing in Turner suggests that questions of law are decided by a jury; rather, that case simply recognizes that, because exhaustion is an element of the claim for relief (rather than a question of subject matter jurisdiction), once a court has resolved the legal issue of whether exhaustion is required, any genuine issues of material fact relating to whether a plaintiff has exhausted those remedies generally are tried by a jury. See 2006 WL 1071852, at * 3 ("when a threshold fact is contested, the identity of the factfinder may vary depending on whether the fact at issue relates to jurisdiction or to the merits of the claim; . . . disputes regarding predicate facts for the claim generally are tried to a jury ") (emphasis added). Indeed, in Turner, the court rejected the plaintiffs' contentions that exceptions to the exhaustion requirement should be applied, without sending that dispute

> to a jury. Id. 2006 WL 1071852, at * 2. So, too, here, there is no factual dispute as to whether plaintiff has exhausted the administrative remedies provided at 26 C.F.R. § 301.7433-1(e). Neither plaintiff's complaint . . . nor his present filing contends that he has done so.

Evans, Civil Action No. 06-0032, at 3-4 (D.D.C. May 18, 2006) (Order). To the contrary, plaintiff's descriptions of how he allegedly exhausted administrative remedies, and his perplexing statements that he should not be required to do so because it would ultimately be unproductive, establish beyond dispute that he has not satisfied the requirements of § 7433 and the administrative regulations. Hence, because "'the facts alleged affirmatively preclude relief,'" it is clear to the Court that "'plaintiff cannot possibly win relief.'" Razzoli v. Federal Bureau of Prisons, 230 F.3d 371, 377 (D.C. Cir. 2000) (quoting Davis, 158 F.3d at 1349). This action will, accordingly, be dismissed for failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b)(6). A separate Order has been posted on this date.

/s/ John D. Bates
JOHN D. BATES
United States District Judge

Date: May 24, 2006

*Copies to:*
JONATHAN J. JAEGER
7 Blue Coat Lane
Westport, CT 06880
203-454-0690
*Plaintiff pro se*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**JONATHAN J. JAEGER,**

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant.**

**Civil Action No. 06-625 (JDB)**

**ORDER**

Upon consideration of plaintiff's response to this Court's Order to show cause why this action should not be dismissed for failure to exhaust administrative remedies, applicable law, and the entire record herein, and for the reasons stated in the Memorandum Opinion issued on this date, it is this twenty-fourth day of May, 2006, hereby

ORDERED that this action is DISMISSED for failure to state a claim upon which relief may be granted.

/s/ John D. Bates
JOHN D. BATES
United States District Judge

*Copies to:*
JONATHAN J. JAEGER
7 Blue Coat Lane
Westport, CT 06880
203-454-0690
*Plaintiff pro se*